IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| METRO MEDIA ENTERTAINMENT, LLC<br>Plaintiff,<br><br>v.<br><br>DOES 1 – 47,<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. DKC 12-cv-0347 |

*******************************************************************************

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. (Doc. No. 3). Plaintiff Metro Media Entertainment, LLC filed this action against 47 John Doe defendants for copyright infringement. Plaintiff allegedly owns exclusive distribution rights to a movie that is being illegally distributed over the Internet by peer-to-peer file-sharing technology. Plaintiff claims to know the Internet Protocol address ("IP address") of each infringing defendant, but not their real names, addresses, or other identifying information.

The entity that possesses information linking an IP address to real identifying information is the Internet Service Provider ("ISP") for that IP address. ISPs, such as Comcast or Verizon, maintain temporary internal logs that record the date, time, and customer identity for each IP address serviced by that ISP. However, Plaintiff indicates that these records are only temporary, and that ISPs delete them after a short period of time. Plaintiff's motion seeks limited discovery from the ISPs that service the allegedly infringing IP addresses so that Plaintiff can discover the identity of the defendants and serve them with process.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to

ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). When a plaintiff seeks to learn the identities of unknown defendants through pre-service subpoenas under Rule 45 of the Federal Rules of Civil Procedure, he or she should be allowed to do so "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Here, it is far from "clear that discovery would not uncover the identities" of the defendants, *id.*; indeed, unless the ISPs have already deleted the temporary IP logs, they should have all of the identifying information for the alleged infringers in their records.

Furthermore, the Court is not prepared to hold, at this early, *ex parte* stage, that it is "clear" that "the complaint would be dismissed." *Id.* If there are clear reasons why the case should be dismissed or why the discovery requests are otherwise improper, the ISPs or the John Doe defendants can raise those objections by filing motions to quash the subpoenas. Accordingly, it is, this 20th day of March, 2012 ordered that:

1) Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, ECF No. 3, is GRANTED,

2) For any ISP that supports an allegedly infringing IP address, Plaintiff may deliver a subpoena seeking information about the names, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses of each allegedly infringing user,

3) Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint,

4)       Plaintiff shall, if necessary, confer with any ISP that receives a subpoena pursuant to this order regarding the issue of payment for the production of the information requested in the subpoena and/or related activities, including the ISP's efforts to notify its customers,

5)       Any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports serving as a basis for such billing summary,

6)       Any subpoena delivered by Plaintiff on an ISP must be accompanied by a copy of this order,

7)       Any ISP receiving a subpoena must preserve any information subject to the subpoena pending the resolution of any motion to quash,

8)       Any motion to quash must be filed before the return date of the subpoena, which shall be thirty (30) days from the date of service,

9)       Any self-represented Doe Defendant who files any motion in this case must identify himself or herself in the motion by number (i.e. Doe #5) and IP address.  Each self-represented Doe must also provide his or her name and current address to the Clerk of the Court so that the court may provide notice of filings in this case to the Defendant.  This may be accomplished by completing and mailing to the Clerk of the Court the attached form.  This contact information will not be disclosed to Plaintiff and will be used solely for the purpose stated above.  The court will not decide any motions until the self-represented Doe Defendant has provided all required information; and,

10)      The Clerk shall transmit a copy of this Order to Counsel.

                                                          /s/
                                        _____
                                        DEBORAH K. CHASANOW
                                        United States District Judge