IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

METRO MEDIA ENTERTAINMENT, LLC      :
                                    :
    v.                              :  Civil Action No. DKC 12-0347
                                    :
RICHARD STEINRUCK                   :
                                    :

**MEMORANDUM OPINION AND ORDER**

Pending before the court is an objection filed by Plaintiff Metro Media Entertainment, LLC, to a discovery ruling issued by United States Magistrate Judge Charles B. Day on June 13, 2013. (ECF No. 97). For the reasons that follow, the objection will be overruled.

Shortly after discovery commenced, the parties became embroiled in a number of disputes and the case was referred to Judge Day for resolution of all discovery and related scheduling matters. As discussed in a prior opinion, *see Metro Media Entertainment, LLC v. Steinruck*, No. DKC 12-0347, 2013 WL 1833266 (D.Md. Apr. 30, 2013), the discovery process has been complicated, in large part, by the parties' inability to agree on the terms of a protective order. Both parties have, at various points, insisted that a protective order was necessary prior to, *inter alia*, providing answers to certain interrogatories, completing depositions, and/or conducting an

inspection of Defendant's computers. At a motions hearing on January 29, 2013, Judge Day seemed to have resolved this dispute, essentially dictating the terms of a protective order that was to be reduced to writing and submitted for signature, but the parties continued to bicker about the language of the order for months thereafter. The record reflects that all issues regarding the protective order were resolved as of April 13, 2013 – the date this court issued its decision overruling Plaintiff's objections to the January rulings – but an order was apparently never submitted to Judge Day for signature. Consequently, the record does not reflect that one was ever entered.[1]

The parties have also been unable to agree as to the circumstances in which Defendant's computers would be inspected by Plaintiff's expert witness. This dispute was also addressed

---

[1] Early in the dispute over the protective order, defense counsel suggested that any issue regarding the confidentiality of discovery materials could be resolved by an agreement that sensitive discovery could be designated as "attorneys' eyes only" until a protective order was in place. Plaintiff's counsel refused, insisting that a court order was necessary prior to disclosure of confidential information. Ironically, since the time that Judge Day approved the language of a protective order and the parties reached an agreement as to its terms, Plaintiff has shown no urgency whatsoever in getting the court's imprimatur. There appears to be no dispute that all issues regarding the protective order have been resolved, but, with the exercise of reasonable diligence, the parties could have long ago been in essentially the same position as they are now.

at the January 29 hearing, with Judge Day ruling that Plaintiff was entitled to have its expert perform an inspection at his or her chosen location, and that Defendant was entitled to be present during the inspection. Despite that ruling, the inspection never occurred.

These disputes, among others, have resulted in considerable delay. Plaintiff has moved for modification of the scheduling order on at least three occasions. In support of its first motion, filed November 1, 2012, Plaintiff cited: (1) that it had only recently received a response to a subpoena from Defendant's Internet Service Provider ("ISP"), which was necessary "[b]efore meaningful discovery could be conducted"; (2) the discovery of "evidence that P.S. may be linked to the alleged infringements, and [the] need[] to fully review the matter"[2]; and (3) that

---

[2] It was later revealed that "P.S." refers to Defendant's adult son, Patrick Steinruck, who was living at Defendant's home at the time of the alleged infringement. On March 15, 2013, Plaintiff filed a motion for leave to amend its complaint in order to add Patrick as a defendant in this action. In denying that motion, the court found that Plaintiff had failed to show good cause for late-filing of the motion:

> Plaintiff has provided no explanation for its delay of approximately six months after expiration of the deadline for amendment of pleadings or joinder of additional parties to file its motion for leave to amend. The record reflects that Plaintiff learned by September 29, 2012, that Patrick Steinruck was living in Defendant's home on the date of the alleged infringement. Nevertheless, it waited well over five months to [seek

3

"[w]ritten discovery has been withheld by both Defendant and Plaintiff because there is no protective order in place." (ECF No. 51-1, at 3). Defendant did not oppose this motion, which was granted by Judge Day on December 5. (ECF No. 62). The revised schedule provided, *inter alia*, a deadline of December 21, 2012, for Plaintiff's initial Rule 26(a)(2) disclosures, and a deadline of April 15, 2013, for the completion of discovery. (ECF No. 51-2).

Nine days after the first motion was granted, Plaintiff filed a second motion, seeking an "extension of the Discovery Cut-Off Date, from currently April 15, 2013, to June 14, 2013, and corresponding extensions of other dates." (ECF No. 65). Plaintiff argued that further modification of the schedule was necessary because: (1) it "ha[d] been unable to investigate Defendant's computers"; (2) the start of discovery was delayed by the ISP's late response to subpoena; (3) amendment of the complaint would likely be necessary to add Patrick Steinruck as a defendant and to assert additional claims; and (4) the protective order issues were still unresolved. (ECF No. 65, at 2-3). This motion, which was opposed by Defendant, was also

---

leave to] add him as an additional defendant, and it has failed to make any showing of diligence.

*Metro Media Entertainment*, 2013 WL 1833266, at *10. Plaintiff has since commenced a separate action against Defendant's son. *See* Civil Action No. DKC 13-1703.

4

among those addressed at the January hearing. Judge Day agreed to a short extension and directed Plaintiff to "submit a revised Scheduling Order reflecting a modification of all deadlines by an additional 30 days." (ECF No. 78).

It is unknown whether Plaintiff ever submitted a revised scheduling order, but no such order was issued. At the January hearing, moreover, neither the parties nor the court addressed the fact that the deadline for Plaintiff's submission of its initial Rule 26(a)(2) report, disclosing the substance of its expert's opinion, had expired without any action being taken by Plaintiff. Insofar as the court ordered prompt inspection of Defendant's computers, which would have been the primary subject of the expert's opinion, the January rulings at least suggested that an expert report would be permitted after the inspection, but this point was never made explicit. In fact, the issue was not raised until Plaintiff filed its third motion to modify the schedule approximately ninety days later.

In its third motion, filed March 18, Plaintiff sought to revive the expired Rule 26(a)(2) disclosure deadline and to push back the discovery deadline to September 30. Despite the January rulings, Plaintiff asserted, "this case has been barely progressing because of an ongoing dispute regarding an order protecting confidentiality." (*Id*. at 1). It additionally cited the fact that its objections to the January rulings and its

5

motion to amend the complaint were, at that time, pending before this court. Plaintiff further observed that "the time for [its] Rule 26(a)(2) disclosures . . . expired . . . before the [court's] January 29, 2013[,] order," and argued that such disclosures could not be made until Plaintiff's expert had inspected Defendant's computers, which could not be accomplished "until the protective order issues were completely resolved[.]" (*Id*. at 4). Thus, according to Plaintiff, "the discovery and litigation dates must be reset[.]" (*Id*.).

Defendant opposed Plaintiff's motion, and Judge Day scheduled a hearing for June 13. Approximately six weeks prior to that date, this court rendered its decision overruling Plaintiff's objections to the January rulings and denying its motion for leave to amend. Thus, the primary issues cited by Plaintiff in support of its third motion for modification were resolved well in advance of the hearing. Nevertheless, it quickly became apparent at the hearing that Plaintiff had done virtually nothing to complete discovery.[3] In response to defense counsel's argument that this delay was inexcusable, Plaintiff's counsel asserted that he opted not to proceed due to uncertainty about the status of the Rule 26(a)(2) deadline. According to counsel, Plaintiff was unwilling to incur the expense of having

---

[3] A transcript of the hearing has not been prepared, but the court has reviewed a certified electronic recording.

6

its expert inspect Defendant's computers without a court order permitting submission of an expert report thereafter. Judge Day found this excuse did not constitute good cause to extend the discovery deadline in order to complete the computer inspection. The schedule was modified, however, based on the court's finding that Plaintiff's delay in designating its Rule 30(b)(6) corporate representatives rendered the version in effect at that time untenable. Thus, the court granted in part and denied in part Plaintiff's third motion, explaining its ruling as follows:

> The period for Plaintiff to inspect Defendant's computers pursuant to the prior order of this Court has expired, and good cause has not been shown for further modification. The Court previously ordered the identification of Plaintiff's corporate designees. Plaintiff did not comply with said deadline. Accordingly, Plaintiff is again ORDERED to make said identifications on or before June 17, 2013. Plaintiff's expert disclosures shall be served before June 24, 2013[;] Defendant's expert disclosures shall be served before July 24, 2013[;] and Plaintiff's rebuttal disclosures shall be served before August 7, 2013. The parties shall supplement all discovery by August 21, 2013. Disclosure shall close on September 21, 2013. Any request for admissions shall be served before October 4, 2013, and the deadline for dispositive motions is October 25, 2013.

(ECF No. 96).

On June 27, Plaintiff filed the pending objection to the June 13 ruling, arguing that "good cause had in fact been shown . . . [because,] under the schedule that was in effect at the

time, the effort and expense of inspection was highly questionable." (ECF No. 97, at 3). Defendant filed opposition papers on July 8. (ECF No. 98).

Pursuant to 28 U.S.C. § 636(b)(1), non-dispositive pretrial matters may be referred to a magistrate judge for hearing and determination. A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.; see also* Fed.R.Civ.P. 72(a); Local Rule 301.5.a. Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence, nor is it to substitute its own conclusions for that of the magistrate judge. *See Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F.Supp.2d 835, 839 (W.D.Tenn. 1999). Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. *Id*. It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D.Md. 2002).

Plaintiff objects to the June 13 ruling "because it (and the previous paperless order [granting in part and denying in part the second motion to modify the schedule]) did not extend

discovery and litigation dates sufficiently for Plaintiff to both (i) conduct a forensic inspection of Defendant's computers and other devices and (ii) have an expert's report served as required by Fed.R.Civ.P. Rule 26(a)(2) after such inspection." (ECF No. 97, at 1). Insofar as Plaintiff challenges the propriety of the ruling with respect to the second motion, its objection is untimely. *See* Fed.R.Civ.P. 72(a) (providing for the filing and service of objections to a magistrate judge's non-dispositive order "within 14 days after being served with a copy of the order"). As to the ruling on the third motion, Judge Day reinstated the deadline for Plaintiff's initial Rule 26(a)(2) report, ordering that the report be served by June 24 (Plaintiff requested June 28), and extended the deadline for the close of discovery to September 21 (Plaintiff requested September 30). Thus, at least with respect to the schedule, Plaintiff essentially received what it asked for.

The crux of Plaintiff's objection relates to the court's ruling that it would not be permitted to inspect Defendant's computers due to the fact that it made virtually no attempt to complete an inspection in the four-plus months after receiving a favorable ruling at the January hearing. Plaintiff contends, in essence, that after filing its third motion to modify the schedule it was entitled simply to rest on its laurels until it received a conclusive ruling as to whether its expert report

9

would be permitted.  Laurel-resting, however, is generally not a sound litigation strategy.  This is particularly true where, as here, a prior ruling at least contemplated – if not explicitly ordered – that prompt action be taken.

Pursuant to Fed.R.Civ.P. 16(b), a "schedule shall not be modified except upon a showing of good cause," and "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts," *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997)).  The instant record amply supports a lack of diligence on the part of Plaintiff, and Judge Day's refusal to extend the discovery deadline to permit inspection of Defendant's computers was eminently reasonable.

Accordingly, it is this 16th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's objection to the court's June 13 ruling (ECF No. 97) BE, and the same hereby IS, OVERRULED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge