# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| METRO MEDIA ENTERTAINMENT, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-cv-00347-DKC |
| ) | |
| RICHARD STEINRUCK, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ORAL ARGUMENT**

1. If the Court believes that oral argument will be helpful with respect to the two motions pending before the Court, Plaintiff does not oppose Defendant's motion for telephonic argument. (As graciously noted by Defendant's counsel, Plaintiff's counsel is located in California, as is Plaintiff.)

2. Two motions are currently pending before the Court. One is Plaintiff's Motion to Dismiss Pursuant To Fed.R.Civ.P. 41(a)(2) (See, Doc. 102, and the Proposed Order (Doc. 102-1). See, also, Defendant's Opposition (Doc. 105) and Plaintiff's Reply (Doc. 106).) The other is Defendant's Motion for Summary Judgment. See, Doc. 100. See, also, Plaintiff's Opposition (Doc. 101), and Defendant's Reply (Doc. 104).)

3. In Defendant's new Motion for Oral Argument (made only with respect to his pending motion even though two motions are pending), he argues his "innocence." However, any theoretical and self-serving reports and declarations of non-infringement submitted on Defendant's behalf do not help him. See, *Ross v. Cecil County Dep't of Soc. Servs.*, 878 F. Supp. 2d 606, 627 (D. Md. 2012) (quotation marks, ellipses and citation omitted):

> "The Court will not rely solely on Murray-Miller's self-serving affidavit to grant summary judgment against Ross, for it is impossible to weigh the credibility of witnesses based on their affidavits, and the Court at summary judgment [does] not have the benefit of cross examination to evaluate biases and to establish the ability of witnesses to observe what occurred.'

In fact, a jury seeing and hearing Defendant and his expert making statements of "it could have been hacking into Defendant's router" (admittedly password protected) would likely find that as an additional basis for finding that Defendant is liable for the copyright infringement that took place through his router.

4. In Defendant's Motion for Oral Argument, Defendant states that he incurred attorney fees. This, of course, is to be expected in litigation. An award to Defendant of attorney fees in this case would be inappropriate, regardless of whether Plaintiff's Motion to Dismiss Pursuant to Fed.R.Civ.P. 41(a)(2) is granted or Defendant's Motion for Summary Judgment is granted. In this regard, the instant case is similar to *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724 (5th Cir. 2008) (*per curiam*), *cert. denied*, 553 U.S. 1019, 128 S. Ct. 2096, 170 L. Ed. 2d 818 (2008). In that case the plaintiff sued the defendant Thompson for copyright infringement over a peer-to-peer network. Later, plaintiffs moved to dismiss their case pursuant to Fed.R.Civ.P. 41(a)(2), Thompson reiterated his demand for attorney's fees. The district court granted the plaintiff's motion and denied Thompson's motion for attorney's fees, and Thompson appealed. The Fifth Circuit Court of Appeals affirmed the denial of attorney fees (*Virgin Records*, at 726-7):

> "First, the [district] court determined that Plaintiffs' lawsuit was not frivolous or objectively unreasonable, citing several reasons for this conclusion. The court found that 'Plaintiffs discovered substantial copyright infringement of their songs by a file-sharing program attached to an internet [sic] account registered to Thompson.' The court also found that the Plaintiffs attempted to contact Thompson to resolve this matter for six months prior to filing this lawsuit.
> "Second, the court concluded that Plaintiffs' 'motivation in bringing the suit was proper.' The court found no indication that Plaintiffs 'prosecuted this suit with malevolent intent.' Instead, the court determined that Plaintiffs acted properly to protect their copyrights after they discovered copyright infringement of their songs. The court also found that Plaintiffs 'immediately moved to dismiss' their suit against Thompson after they identified the adult daughter that Thompson acknowledged might be responsible for the copyright infringement.
> "Third, the court concluded that awarding Thompson attorney's fees would not advance considerations of compensation and deterrence. These Plaintiffs should not be deterred from bringing future suits to protect their copyrights because they brought an objectively reasonable suit."

In the instant case,

    (i)    Plaintiff discovered substantial copyright infringement of its movie by a file-sharing program attached to an Internet account registered to Defendant,

    (ii)    Plaintiff's motivation in bringing the suit was proper, and there is no indication that Plaintiff prosecuted this suit with malevolent intent. Other than having to make his computers and router available for inspection (which as indicated above, may have been thwarted by spoliation), Defendant was not burdened by discovery demands. Just as the plaintiff's in *Virgin Records*, the Plaintiff acted properly to protect its copyright after copyright infringement of its movie was discovered. And, after the inspection, and long before any action by Defendant thereafter, Plaintiff offered to settle this matter. It is Defendant, who refused to discuss any resolution of this case, that has prolonged this litigation.

    (iii)    Awarding Defendant attorney fees would not advance the purpose of the copyright laws. Plaintiff should not be deterred from bringing future suits to protect its copyrights because it brought an objectively reasonable suit.

See, also, *Fogerty v. MGM Group Holdings Corp.*, 379 F.3d 348, 356-358 (6th Cir. 2004) (Even though defendant's motion for summary judgment was affirmed, the award of attorney's fees to defendant was reversed: "While plaintiffs' claim ultimately proved meritless, that does not make it 'objectively unreasonable' as a matter of law or fact).

See, also, *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 2012 U.S. Dist. LEXIS 2194, 14-16 (E.D. Va. Jan. 9, 2012):

> "However, Plaintiff's copyright claims were not such a flagrant attempt to abuse copyright law that they merit the strong medicine of awarding the prevailing party attorney's fees and costs. To award attorney's fees here, without evidence of bad faith or frivolity, would pave the way for granting such fees as a matter of course whenever a copyright holder-plaintiff is defeated on summary judgment. This sweeps too far, and could potentially chill litigation properly brought to enforce copyright protections. Finally, although Defendants argue that the Court should award attorney's fees on the grounds that they lack the resources to cover the costs of litigation, (Rubin Mem. Atty's Fees at 6; BCG Mem. Atty's

3

Fees at 6), this is but one factor to be taken under advisement. See Rosciszewski, 1 F.3d at 234. In light of the other considerations weighing against the award of attorney's fees and costs, it does not tip the scale heavily enough in favor of granting fees and costs as to Plaintiff's copyright claims.

"In sum, we find that none of the factors set forth in Rosciszewski, nor any other factor, counsels in favor of awarding attorney's fees and costs on Plaintiff's copyright claims, pursuant to 17 U.S.C. § 505, as set forth in Counts One and Two of the Complaint. Therefore, Defendants' Motions for Attorney's Fees as to the claims arising under the aforesaid Copyright Act are hereby DENIED."

5. Plaintiff's counsel, Ira M. Siegel, hereby declares under penalty of perjury that the facts set forth in sections 2 and 4 are true and correct of his own personal knowledge, except for those matters stated on information and belief, and those matters he believes to be true and correct. If called upon to testify, Mr. Siegel can testify as set forth above.

6. For the reasons set forth above, and in Docs. 101, 102 and 106, Plaintiff submits that this case should be dismissed pursuant to Rule 41(a)(2) with each party bearing its own costs and attorney fees. However, as indicated above, Plaintiff not oppose Defendant's motion for telephonic argument provided that any such argument applies to both pending motions.

Respectfully submitted this 7th day of April, 2014.

FOR THE PLAINTIFF

By: /S/ William F. C. Marlow, Jr.
William F. C. Marlow, Jr.
(Fed. Bar No. 01934)
Marlow & Wyatt
404 Allegheny Avenue
Towson, Maryland 21204
Telephone: (410) 821-1013
Fax: (410) 821-5432
email: wmarlow@marlowwyatt.com

By Ira M. Siegel as Declarant (sections 2 and 4)

By: /S/ Ira M. Siegel
Ira M. Siegel (Cal. SBN 78142, MD DC Pro Hac Vice ID 99513)
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:   310-435-7656
Fax:   310-657-2187
Email:  irasiegel@earthlink.net

ATTORNEYS FOR PLAINTIFF METRO MEDIA ENTERTAINMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

        By: /**S**/ Ira M. Siegel
        Ira M. Siegel(Cal. SBN 78142, MD DC Pro Hac Vice ID 99513)
        LAW OFFICES OF IRA M. SIEGEL
        433 N. Camden Drive, Suite 970
        Beverly Hills, California 90210-4426
        Tel:    310-435-7656
        Fax:   310-657-2187
        Email:  irasiegel@earthlink.net

        Attorney for Plaintiff