IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

METRO MEDIA ENTERTAINMENT, LLC :

 :

   v. : Civil Action No. DKC 12-0347

 :

RICHARD STEINRUCK :

 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this copyright infringement case are a motion for summary judgment filed by Defendant Richard Steinruck (ECF No. 100) and a motion for voluntary dismissal filed by Plaintiff Metro Media Entertainment, LLC (ECF No. 102).  Also pending is a motion for a hearing filed by Defendant Richard Steinruck (ECF No. 107).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Plaintiff's motion to dismiss will be granted.  Defendant's motions for summary judgment and for a hearing will be denied as moot.

**I. Background**

Some familiarity with the underlying facts of this case is presumed.  (*See* ECF Nos. 67, 92, 99).  Plaintiff Metro Media Entertainment, LLC owns the copyright to a pornographic film titled *My Baby Got Back! #44*.  Plaintiff commenced this action

on February 6, 2012, by filing a complaint against forty-seven Doe defendants alleged to have infringed Plaintiff's copyright in this pornographic film by downloading and/or uploading the video over the Internet *via* a file-sharing protocol known as BitTorrent.  (ECF No. 1).[1]  An order severed the forty-seven defendants named in the complaint and dismissed all except Doe 1.  (ECF No. 17).  The order further directed that "all documents filed in this action that contain Doe 1's identifying information shall be filed under seal."  (*Id.* at 2).  Days later, Plaintiff's counsel transmitted a settlement offer to the sole remaining defendant, stating, *inter alia*, that it will name Doe 1 as a defendant (*i.e.,* as an alleged infringer of Plaintiff's copyright in the pornographic film) unless a proposed "settlement offer" of $3,5000.00 was promptly remitted. (ECF No. 23-3, at 2).

Doe 1, by counsel, responded by filing an answer and counterclaim in which he publicly revealed his identity as Defendant Richard Steinruck.  (ECF No. 23).  The counterclaim raised a single count of abuse of process under Maryland law. Plaintiff moved to dismiss the counterclaim (ECF No. 29), which

---

[1]  Plaintiff later filed an amended complaint on June 5, 2012.  (ECF No. 21).

was granted (ECF No. 67).[2]   A scheduling order was entered on July 30, 2012.   (ECF No. 28).   Shortly after discovery commenced, the parties became embroiled in a number of discovery disputes and the case was referred to Magistrate Judge Charles B. Day for resolution of all discovery and related scheduling matters.   Among other things, the parties were unable to agree on the terms of a protective order and as to the circumstances in which Defendant's computers would be inspected by Plaintiff's expert witness.   After many months of delay, the issues regarding the protective order were resolved (after an objection to Judge Day's ruling was overruled), but the parties apparently never submitted a final protective order to Judge Day for signature.   Similarly, Judge Day ruled that Plaintiff was entitled to have its expert perform an inspection at his or her chosen location, and that Defendant was entitled to be present during the inspection.   Despite that ruling in favor of Plaintiff's request, the inspection never occurred.   (*See* ECF No. 99, at 2-3).

On March 15, 2013, approximately six months after expiration of the deadline for amendment of pleadings or joinder of additional parties, Plaintiff moved for leave to amend its complaint in order to add Patrick Steinruck, Defendant's son, as

---

[2] Plaintiff also sought sanctions related to the filing of a frivolous counterclaim, which was denied.

an additional defendant in this action.  (ECF No. 85).  That
motion was denied because Plaintiff failed to show good cause
for late-filing of the motion.[3]  (ECF No. 93).

On October 25, 2013, Defendant moved for summary judgment.
(ECF No. 100).  Plaintiff opposed the motion on November 12,
2013, and on the same date, filed its own motion to dismiss all
of its claims voluntarily pursuant to Fed.R.Civ.P. 41(a)(2).
(ECF Nos. 101 & 102).  Defendant filed a reply brief in support
of his motion for summary judgment (ECF No. 104) and opposed
Plaintiff's motion for voluntary dismissal (ECF No. 105).
Defendant later moved for a hearing on his motion for summary
judgment (ECF No. 107).

## II.  Analysis

### A.  Plaintiff's Motion for Voluntary Dismissal

Plaintiff moves for voluntary dismissal with prejudice
pursuant to Fed.R.Civ.P. 41(a)(2), which allows for dismissal by
court order after the opposing party has served either an answer
or motion for summary judgment and without the consent of all
parties who have appeared.  The decision to grant or deny a

---

[3] Plaintiff commenced a separate action against Patrick
Steinruck.  *See* Civil Action No. DKC 13-1703.  Plaintiff later
moved to dismiss voluntarily pursuant to Fed.R.Civ.P. 41(a)(2);
Patrick Steinruck did not oppose the motion.  The undersigned
issued an order on January 31, 2014, granting Plaintiff's motion
for voluntary dismissal with prejudice, with each party to bear
its own attorneys' fees and costs.  (Civil Action No. DKC 13-
1703, ECF No. 17).

voluntary dismissal under Rule 41(a)(2) is a matter of discretion to be guided by certain factors, including the potential prejudice to the nonmoving party. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Where, as here, a plaintiff's Rule 41(a)(2) motion "specifically request[s] dismissal *with* prejudice, it has been held that the district court *must* grant that request." 9 Charles A. Wright & Arthur R. Miller § 2367 (3[d] ed. 2008) (emphasis added). Indeed, that Plaintiff seeks "dismissal *with* prejudice is of paramount importance," *F.D.I.C. v. Becker*, 166 F.R.D. 14, 15 (D.Md. 1996), because a voluntary dismissal with prejudice under Rule 41(a)(2) operates as "a complete adjudication on the merits of the dismissed claim," *Harrison v. Edison Bros. Apparel Stores Inc.*, 924 F.2d 530, 534 (4th Cir. 1991). Absent a specific order by the court, dismissal with prejudice "is subject to the usual rules of *res judicata*." 9 Wright & Miller § 2367; *see also In re Tomlin*, 105 F.3d 933, 936-37 (4th Cir. 1997) ("generally, [d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." (internal quotation marks omitted)); *McLean v. United States*, 566 F.3d 391, 407 (4th Cir. 2009) (same). Moreover, "[n]ormally, a plaintiff may not appeal the dismissal of his suit with prejudice, which is granted on his own motion." *Distaff, Inc. v. Springfield Contracting*

*Corp.*, 984 F.2d 108, 110 (4th Cir. 1993) (*citing United States v. Proctor & Gamble Co.*, 356 U.S. 677, 680 (1958)).

In its motion for voluntary dismissal, Plaintiff represents that although it "believes sufficient evidence exists of Defendant's copying and/or allowing someone (for example, Defendant's son Patrick) to use Defendant's Internet account to make an unauthorized copy of Plaintiff's movie, Plaintiff is willing to accept dismissal with prejudice, with each party bearing its own costs and attorney fees." (ECF No. 102, at 1). According to Plaintiff, the evidence shows that a user located at Richard Steinruck's IP address downloaded a copy of the film in question. Despite Plaintiff's belief "that a jury [would] find that Defendant is liable for copyright infringement, [it] has determined that the cost of going forward may not justify the damages that might be awarded, or that any damage would be recoverable." (*Id.* at 4). Plaintiff also believes that evidence may become spoliated, jeopardizing further proceedings. (*Id.* at 4-5).

Defendant has opposed the motion for voluntary dismissal, taking a much different view of the facts. Defendant believes that Plaintiff initiated this action "without a scintilla of evidence against Defendant himself" and has now moved for voluntary dismissal in an effort to avoid the imposition of judgment against it. (ECF No. 105, at 1). Specifically,

Defendant asserts that "[e]ven if the Court assumes that there was a downloading of Plaintiff's copyrighted pornographic film by someone using Defendant's router, there has never been the slightest evidence that Defendant did such downloading, was aware that anyone was downloading using his router, or has any idea who did the downloading even now." (*Id.*). Defendant asserts that "[a]nyone within 400 feet of the Steinruck residence could have been using the router without Mr. Steinruck's knowledge." (*Id.* at 4).

Although the strength of Plaintiff's evidence to support copyright infringement is debatable, there is no indication that Plaintiff acted improperly or in bad faith by initiating and pursuing this suit against Richard Steinruck. Plaintiff filed and served a complaint against Richard Steinruck because it determined that a copy of one of its films had been downloaded by a computer located at the IP address 108.18.217.126, and that this IP address belonged to Richard Steinruck. (ECF No. 21 ¶ 5). Appended to the amended complaint is a certification from Plaintiff's counsel reciting the details of the investigation that was undertaken in connection with the alleged infringement. (ECF No. 21-1). Plaintiff did not have conclusive proof that Richard Steinruck did the downloading or was aware that anyone was downloading the pornographic film using his router, but as Judge Paul W. Grimm recently stated in a copyright infringement

case with facts virtually identical to the facts here, "the Federal Rules of Civil Procedure do not hold pleadings to such an impossibly high standard; plausibility – not conclusiveness – is the standard." *Patrick Collins, Inc. v. Osburn*, No. PWG-12-1294, 2014 WL 1682010, at *3-4 (D.Md. Apr. 28, 2014) ("it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address.").[4]

Considering that dismissal with prejudice of Plaintiff's amended complaint insulates Defendant from further litigation arising out of the dismissed claims, any injustice that Defendant might otherwise suffer "is significantly lessened." *Becker*, 166 F.R.D. at 15. Because district courts ordinarily "must" grant a plaintiff's request for voluntary dismissal with prejudice, Plaintiff's Rule 41(a)(2) motion will be granted. *See, e.g., C-Tech Corp. v. Aversion Technologies*, Civ. Action No. DKC 11-0983, 2012 WL 3962508, at *2-3 (D.Md. Sept. 7, 2012) (granting motion for voluntary dismissal with prejudice).

The question remains, however, as to whether any conditions should be attached to dismissal of the amended complaint. The crux of Defendant's opposition is his view that allowing Plaintiff to walk away without compensating him for attorney's

---

[4] The same attorneys represent the parties in both that case and this litigation.

fees and costs "would be the height of unfair disposition by the Court." (ECF No. 105, at 2-3). When a dismissal is *without* prejudice, the court may impose conditions, such as the movant's payment of the opposing party's fees and costs. *See* Fed.R.Civ.P. 41(a)(2). In contrast, where a motion for voluntary dismissal is granted *with* prejudice, such as here, an award of attorneys' fees is not appropriate because there is no risk that the defendant can "be called upon again to defend" and thus no risk of "any duplication of expense." *Lawrence v. Fuld*, 32 F.R.D. 329, 331 (D.Md. 1963). Courts have recognized two exceptions to this general principle: (1) where the case involves "exceptional circumstances" and (2) where "there is independent statutory authority for such an award." 9 Wright & Miller § 2366 (internal quotation marks and citations omitted). For instance, circumstance would be exceptional if the "'plaintiff's suit was . . . unnecessary, groundless, vexatious and oppressive.'" *Nat'l Satellite Sports, Inc. v. Comcast Satellite Communications, Inc.*, No. CIV. H-00-261, 2000 WL 1717304, at *2 (D.Md. 2000) (*quoting Lawrence*, 32 F.R.D. at 332-33).

Defendant maintains that he has expended large sums of money for attorney fees, travel expenses for depositions, and for preparing pleadings, motions, and other filings in connection with Plaintiff's case. The record reflects that aside from engaging in several discovery disputes seeking a protective order

and to inspect Defendant's computers (which inspection Plaintiff never actually undertook), Plaintiff was relatively inactive in this case.   By contrast, Defendant counterclaimed against Plaintiff and hired his own expert, who prepared an expert report, to rebut allegations of copyright infringement.   In *Osburn*, 2014 WL 1682010, at \*5, plaintiff also asserted claims of copyright infringement and then offered to dismiss voluntarily the action with prejudice, with each party to bear its own expenses.   Much like here, defendant in *Osburn*, 2014 WL 1682010, at \*5, vociferously objected to voluntary dismissal, arguing that he should be awarded attorney's fees and costs in having to defend a baseless lawsuit.   Judge Grimm rejected defendant's arguments:

> It is not apparent from the record that [defendant] was required to respond to [plaintiff's] relative inactivity by conducting multiple depositions 2,500 miles apart, retaining an expert and commissioning a full expert report, and drafting "multiple interrogatories and requests for production of documents," [] and more economical alternatives, such as telephone depositions, were available.   Although it appears that Osburn was responding forcefully to allegations that he considered personally offensive, *[defendant's] choice to pursue a particularly aggressive defense strategy does not constitute exceptional circumstances sufficient to warrant an attorney's fees award*. . . . And while the Copyright Act grants me discretion to apportion costs or attorney's fees under certain circumstances, 17 U.S.C. § 505, I decline to exercise that discretion here.

> Dismissal will not be conditioned on
> [plaintiff's] payment of attorney's fees or
> costs.

*Osburn*, 2014 WL 1682010, at *5 (emphasis added).  The same logic applies here.  Moreover, Plaintiff offered to settle the matter with a complete dismissal on August 29, 2013, months before Defendant moved for summary judgment.  (ECF No. 102-1).  In his opposition to the motion for voluntary dismissal, Defendant contends that the terms of the settlement included "an unjustified release of Plaintiff and a restrictive confidentiality provision."  (ECF No. 105, at 6).  But as Judge Grimm noted, a confidentiality provision, a mutual release, and a provision for each party to bears its own fees and costs "are not unusual [clauses] in settlement agreements."  *Osburn*, 2014 WL 1682010, at *4.

Defendant further argues that "[i]t would be appropriate for the record to show that the case was disposed of by [s]ummary [j]udgment, as that would inform other Courts of the unsufficiency of the suit here more than a Rule 41 dismissal would show."  (*Id.* at 2).  But as explained in *Weathers v. Consolidated Stores Corp.*, No. Civ.A. DKC 2002-3274, 2004 WL 35769, at *2 n.2 (D.Md. Jan. 7, 2004), "[d]espite filing a summary judgment motion, [d]efendant's interests are well-served by a dismissal with prejudice because '[a]n adjudication in favor of the defendants, by court or jury, can rise no higher

11

than this.'" (*citing Harrison v. Edison Bros. Apparel Stores Inc.*, 924 F.2d at 530, 534 (4th Cir. 1991)).

Accordingly, Plaintiff's Rule 41(a)(2) motion will be granted, and this case will be dismissed with prejudice.

**B.   Defendant's Motion for Summary Judgment**

Plaintiff's Rule 41(a)(2) motion will be granted, thus Defendant's motion for summary judgment will be denied as moot.

**III. Conclusion**

For the foregoing reasons, the motion for voluntary dismissal filed by Plaintiff will be granted.  Defendant's motions for summary judgment and for a hearing will be denied as moot.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
